IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAMPTON WELDING SUPPLY CO, INC., | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) Case No. 11-CV-319-TCK-TLW ) |
| DONALD R. STOBAUGH, MICHAEL L. HIGGINS, | ) ) ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

Before the Court are the parties' trial briefs and proposed jury instructions. Because the parties may benefit from pre-trial rulings on certain issues raised therein, the Court enters this Opinion and Order.

I.  Unjust Enrichment Claim

In its trial brief, Lampton argues for the first time that it is entitled to a jury on its claims for unjust enrichment because such claims are legal rather than equitable. Lampton argues that, although unjust enrichment claims are generally equitable under Oklahoma law, its claims fit into the "money had and received" exception recognized in the Oklahoma Uniform Jury Instructions. *See* OUJI 23.10 Cmts. (explaining that "[a] claim for unjust enrichment generally is equitable, and therefore, a jury instruction is not needed for most unjust enrichment claims" but making an exception for "an action on a common count, such as for money had and received").

In the case cited by Lampton in support of its "money had and received" theory of unjust enrichment, the Oklahoma Supreme Court held that "[a]n action will lie to recover *a sum certain*, whenever one has the money of another which he in equity and good conscience has no right to retain." *Continental Oil Co. v. Rapp*, 301 P.2d 198, 199 (Okla. 1956) (emphasis added); *Duncan*

*v. Anderson*, 250 P. 1018, 1019 (Okla. 1926) (same). Common examples of money had and received claims are actions for a tax refund, *see, e.g., Clay v. Ind. Sch. Dist. No. 1 of Tulsa Cnty.,* 935 P.2d 294, 302 (Okla. 1997) ("We have explained that an action for a tax refund is for money had and received."), or for a fee refund, *see, e.g., Sholer v. State ex rel. Dept. of Public Safety*, 945 P.2d 469, 475 (Okla. 1995) (class action claims classified as "money had and received" where plaintiffs sought refunds of certain fees paid to the Oklahoma Department of Public Safety). In this case, Lampton has not and cannot allege any "sum certain" amount in which Defendants have been unjustly enriched. *See Tomek v. Apple, Inc.*, 2012 WL 2857035, at * 7 (E.D. Cal. 2012) (dismissing "money had and received claim" because complaint failed to allege any "concrete amount" owed). Therefore, the Court rejects Lampton's new "money had and received" theory and holds that Lampton's unjust enrichment claims are equitable in nature.

Pursuant to Federal Rule of Civil Procedure 39(c), a federal court may, by motion or on its own, "try any issue with an advisory jury." The Court construes Lampton's trial brief as a motion to present its equitable claim to a jury, which is opposed by Defendants. The decision of whether to use an advisory jury on any equitable claim is within the discretion of the district court. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2335 ("[I]t is completely discretionary with the trial judge whether or not to use an advisory jury under Rule 39(c), and the district court's exercise of this discretion is not reviewable."). "The responsibility for the decision-rendering process remains with the trial judge even though an advisory jury under Rule 39(c) is used." *Id.* "The court must prepare the findings of fact and the conclusions of law as it must in any other nonjury case, and it is in its discretion entirely whether to accept or reject, in whole or in part, the verdict or findings of the advisory jury." *Id.*

The parties are provided notice that the Court will exercise its discretion to present the unjust enrichment claims to the jury in an advisory capacity. The Court currently intends to instruct the jury, in conjunction with the unjust enrichment claims, that such claims are presented in the alternative to the breach of contract claims and that double recovery is not permitted. The parties are ordered to submit any revised proposed verdict forms and any revised proposed instructions in this regard.

## II. Defendants' Objection to TGG Sales Reports

Defendants' general objection to admission of all TGG sales reports is overruled. The Court finds that TGG sales data is relevant to questions of Stobaugh's tort liability, including but not limited to whether Stobaugh committed actual fraud. The Court agrees with Lampton that the "speed, magnitude, and source" of TGG's sales following the stock sale are relevant to Stobaugh's defenses to certain tort claims. Defendants are not precluded from making specific objections at trial.

As expressed at the pretrial conference, the Court continues to have concerns regarding a jury's use of TGG sales data as a measure of Lampton's damages. The Court is considering a limiting instruction in this regard. The parties may submit any proposed limiting instructions by the start of trial.

## III. Testimony of Appraisers

Defendants argue that any Appraisers' testimony about the hypothetical value of the stock, based on new information not available at the time of sale, is "expert" opinion and must be excluded based on such Appraisers' failures to provide an expert report. This argument could have and should have been made as a motion in limine in accordance with the Court' scheduling order. A trial brief

3

is not the time to seek exclusion of all testimony from an entire class of witnesses. Therefore, this argument is rejected as untimely.

IV.     Fiduciary Duty Claim

Both parties have injected new issues into the fiduciary duty claim against Stobaugh, as reflected in Plaintiff's Proposed Instruction 23 and Defendants' Proposed Instruction 33. If the parties wish to submit a short response to the opposing party's new arguments, they may do so by the start of trial.

V.      Issues Related to NCAs

In their trial brief, Defendants argues that the alleged misrepresentations regarding the NCAs were purely ones of law and therefore not actionable. This argument was rejected at the summary judgment stage, and the Court finds no reason to revisit this issue.

Lampton argues that any references to the "general enforceability" of the NCAs are irrelevant. The Court will not make any in limine rulings in this regard but will instead reserve ruling until particular evidence is presented.

**SO ORDERED this 21st  day of November, 2012.**

*Terence Kern*
**TERENCE KERN**
**United States District Judge**